UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TIMOTHY M. COHANE,

                Plaintiff,        04-CV-181S(Sr)

v.

NATIONAL COLLEGIATE ATHLETIC
ASSOCIATION, et al.,

                Defendants.

---

TIMOTHY M. COHANE,

                Plaintiff,        04-CV-0943S(Sr)

v.

WILLIAM R. GREINER, President of the
State University of New York at Buffalo,
et al.,

                Defendants.

---

## DECISION AND ORDER

These cases were referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters, and for hearing and disposition of all non-dispositive motions or applications. 04-CV-181 at Dkt. #40; 04-CV-943 at Dkt. #58.

Currently before the Court are the following motions:

1.) National Collegiate Athletic Association's ("NCAA's"), motion for a protective order of confidentiality (04-CV-181 at Dkt. #52 & 04-CV-943 at Dkt. #109);

2.) plaintiff's motion to extend the deadline to join parties and/or amend his complaint to permit plaintiff to review disclosure of NCAA documents (04-CV-181 at Dkt. #56);

3). NCAA's motion to amend its answer (04-CV-181 at Dkt. #57);

4.) State University of New York at Buffalo ("SUNY at Buffalo") defendants' motion to quash a subpoena seeking testimony and documents from Lewis Rosenthal (04-CV-943 at Dkt. #107); and

5.) SUNY at Buffalo defendants' motion to quash a subpoena seeking testimony and documents from Joyce Villa (04-CV-943 at Dkt. #110).

As plaintiff does not oppose the NCAA's motion to amend its answer (04-CV-181 at Dkt. #57), this motion is granted. Moreover, as SUNY at Buffalo agreed to hold the motions to quash in abeyance and produce Mr. Rosenthal and Ms. Villa for depositions with express reservation of their right to assert attorney client privilege and/or attorney work product (04-CV-943 at Dkt. #118, ¶ 2), these motions (04-CV-943 at Dkt. ##107 & 110), are denied without prejudice. For the reasons set forth below, the motion for a protective order of confidentiality (04-CV-943 at Dkt. #109), is granted and the motion for an extension of time to join parties and/or amend the complaint (04-CV-181 at Dkt. #56), is granted.

## BACKGROUND

Plaintiff, Timothy M. Cohane, the former head coach for the SUNY at Buffalo basketball team, commenced 04-CV-181 against the NCAA *et al.*, in the Western District of New York and commenced 04-CV-943 against SUNY at Buffalo, *et al.*, in the Eastern District of New York, alleging that he was denied due process and deprived plaintiff of a liberty interest during the course of an investigation and hearing with respect to alleged violations of NCAA rules and that the SUNY at Buffalo defendants breached their contractual obligations to plaintiff. 04-CV-181 at Dkt. #1; 04-CV-943 at Dkt. #50-2. Judge Sterling determined that venue was not proper in the Eastern District of New York and ordered that case transferred to the Western District of New York. Dkt. #49.

During the course of discovery, the Mid American Conference served a subpoena upon the NCAA seeking production and inspection of

> All papers, transcripts, records, and reports of any kind and in any form, including audio and video recordings, (except electronic mail) that relate in any manner to infractions or violations of NCAA rule or protocols, or allegations thereof, related to the men's basketball program at the University at Buffalo (SUNY) and/or Timothy Cohane.

Dkt. #109, p.7. The NCAA filed a motion seeking a confidentiality order after its good faith efforts to negotiate such an order with plaintiff failed. Dkt. #109, p.14. David Price, Vice-President for Enforcement Services of the NCAA, affirms that information obtained during the course of an investigation is "frequently given by witnesses or other sources under a pledge of secrecy." 04-CV-181 at Dkt. #52-3, ¶ 6; 04-CV-943 at Dkt.

#109, p.28, ¶ 6.  Mr. Price further affirms that

> The ability to credibly promise confidentiality to a potential source of information is critical to the NCAA's enforcement mechanism.  Many of these sources (a) have requested and have been promised anonymity, and (b) could be adversely affected if their participation was [sic] disclosed.  Without an expectation of confidentiality, individuals are afraid to come forward with relevant information because they fear retaliation, accusations of disloyalty, media scrutiny, litigation and so on.

04-CV-181 at Dkt. #52-3, ¶ 9; 04-CV-943 at Dkt. #109, pp.28-29, ¶ 9.  Mr. Price also notes that

> Even if a witness' identity is not secret, NCAA files frequently contain confidential or otherwise sensitive information about witnesses, other individuals or institutions.  This may include unlisted contact information, medical or education records, financial data, recruiting strategies, Social Security numbers or other personal information.

04-CV-181 at Dkt. #52-3, ¶ 14; 04-CV-943 at Dkt. #109, p.30, ¶ 14.  Mr. Price affirms that the information sought by the subpoena at issue in this case includes

> information about individuals' finances and education, as well as personal contact information and Social Security numbers.  The documents also contain mental impressions and notes of NCAA investigators.

04-CV-181 at Dkt. #52-3, ¶ 17; 04-CV-943 at Dkt. #109, p.31, ¶ 17.  The NCAA attached a proposed confidentiality order to its motion papers.  04-CV-181 at Dkt. #52-2, pp.4-6; 04-CV-943 at Dkt. #109, pp.10-12.


Plaintiff's counsel opposes the proposed confidentiality order on the grounds that it is unnecessary, attempts to attach confidentiality to documents in the public domain and which have previously been exchanged by the parties during the

course of discovery, and is overreaching and prejudicial with respect to its notification provision and terms concerning individuals who may view documents produced by the NCAA.  04-CV-181 at Dkt. #54, ¶ 2; 04-CV-943 at Dkt. #130, ¶ 2.  Plaintiff's counsel does not object to a tailored confidentiality order with respect to documents which are not already in the public domain or have not yet been exchanged by the parties.  04-CV-181 at Dkt. #54 ¶ 7; 04-CV-943 at Dkt. #130, ¶ 7.

In reply to plaintiff's response to the motion for a confidentiality order, the NCAA revised its proposed confidentiality order to limit its scope to documents which had not already been disclosed publicly; to permit parties to receive copies of confidential documents; and to remove the provision requiring plaintiff to provide the NCAA with the name and address of any individual who may be given confidential documents to assist in the preparation of the case.  04-CV-181 at Dkt. #55; 04-CV-943 at Dkt. #132.

### DISCUSSION AND ANALYSIS

Rule 26(c) of the Federal Rules of Civil Procedure provides that

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ..

Thus, once the party seeking discovery has established that the demand seeks relevant information, "the burden is upon the party seeking non-disclosure or a protective order to show good cause." *Dove v. Atlantic Capital Corp.,* 963 F.2d 15, 19 (2d Cir. 1992); *Penthouse Int'l, Ltd. v. Playboy Enters.*, 663 F.2d 371, 391 (2d Cir. 1981). "When the potential for abuse of procedure is high, the Court can and should act within its discretion to limit the discovery process, even if relevancy is determined." *Topo v. Dhir*, 210 F.R.D. 76, 78 (S.D.N.Y. 2002). "[T]he grant or denial of a protective order lies within the sound discretion of the district court." *Dove*, 963 F.2d at 20.

Although the Court shares the NCAA's concern that individuals interviewed during the course of the investigation pursuant to a promise of confidentiality be afforded some protection in the course of this litigation, the Court notes that the NCAA's proposed confidentiality order does not address this concern as it specifically permits such information to be disclosed to the Court as part of the public record. Accordingly, the Court hereby orders the following:

      1.    All papers, transcripts, records, reports, and other recorded data which have not previously been disclosed or exchanged between the parties and which are subject to disclosure by the NCAA shall be marked confidential and shall be produced with any personal identifiers such as social security numbers, home addresses, telephone numbers, bank account numbers, *etc.*, redacted.

2. All documents marked confidential pursuant to paragraph 1 shall not be disclosed to or discussed with anyone other than the parties, counsel for the parties, professionals retained by the parties to assist in the preparation of these actions and employees hired to assist the aforementioned parties, counsel and professionals, unless the party seeking to further disclose the documents obtains prior written consent for such disclosure, in writing, from the NCAA or, if such consent is unreasonably withheld, the party seeking to further disclose the documents obtains prior written consent for such disclosure from the Court.

3. It is the responsibility of counsel for the parties to inform the individuals identified in paragraph 2 of the terms of this confidentiality order and to obtain their consent to comply with this order before confidential documents are disclosed.

4. The confidential documents identified in paragraph 1 may be utilized by the parties in Court proceedings and filed with the Court so long as the name of any non-party interviewed during the course of the investigation pursuant to a promise of confidentiality and any sensitive personal information relating to non-parties, *e.g.*, educational, financial, medical or psychological information, is redacted. If the identity of any such individual or any sensitive personal information is relevant to an issue before the Court, the party seeking to utilize this information shall file the document under seal.

## **CONCLUSION**

For the reasons set forth above, it is hereby ordered that:

1.) NCAA's motion (04-CV-181 at Dkt. #52 & 04-CV-943 at Dkt. #109), for a protective order of confidentiality is **GRANTED** and the parties are directed to abide by the provisions set forth above;

2.) plaintiff's motion (04-CV-181 at Dkt. #56), to extend the deadline to join parties and/or amend his complaint is **GRANTED** and the deadline is extended 30 days from the NCAA's disclosure of documents;

3.) NCAA's motion (04-CV-181 at Dkt. #57), to amend its answer is **GRANTED**;

4.) SUNY at Buffalo defendants' motion (04-CV-943 at Dkt. #107), to quash a subpoena seeking testimony and documents from Lewis Rosenthal is **DENIED WITHOUT PREJUDICE**; and

5.) SUNY at Buffalo defendants' motion (04-CV-943 at Dkt. #110), to quash a subpoena seeking testimony and documents from Joyce Villa is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

DATED:   Buffalo, New York
         August 7, 2008

**S/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**