**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**TIMOTHY M. COHANE,**

                **Plaintiff,**           **04-CV-0181S(Sr)**

**v.**

**NATIONAL COLLEGIATE ATHLETIC**
**ASSOCIATION,**
**TOM HOSTY,**
**STEPHANIE HANNA and**
**JACK FRIEDENTAHL,**

                **Defendants.**

---

**TIMOTHY M. COHANE,**

                **Plaintiff,**           **04-CV-0943S(Sr)**

**v.**

**WILLIAM R. GREINER, President of the**
State University of New York at Buffalo,

**DENNIS BLACK, Vice President**
for Student Affairs,

**ROBERT ARKEILPANE, Athletic Director,**

**WILLIAM MAHER, Compliance Director,**

**ERIC EISENBERG,**

**MID AMERICAN CONFERENCE, by its**
Commissioner, Richard Chryst, and

**ROBERT FOURNIER, Esq.,**

                **Defendants.**

---

**DECISION AND ORDER**

These cases were referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  04-CV-181 at Dkt. #114 & 04-CV-943 at Dkt. #200.

By Text Order entered November 19, 2008, the Court denied plaintiff's motion to consolidate these actions without prejudice to renew at a later date.  04-CV-181 at Dkt. #71.  At oral argument of the motion for summary judgment in 04-CV-181, plaintiff requested reconsideration of the issue of consolidation.

Rule 42(a) of the Federal Rules of Civil Procedure provides that the court may consolidate actions which "involve a common question of law or fact."  A district court "has broad discretion to determine whether consolidation is appropriate," *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990), and "can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*."  *Devlin v. Transportation Communications Int'l. Union,* 175 F.3d 121, 130 (2d Cir. 1999).

Consolidation should be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion.  *Id.* at 130.  "In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy."  *Id.*  However, "efficiency cannot be permitted to prevail at the expense of justice – consolidation should be considered when savings of expense and gains of efficiency can be accomplished *without sacrifice of justice*."  *Id.* (internal quotation omitted).

In light of the significant overlap of the factual records and legal arguments set forth in the motions for summary judgment, the Court hereby orders consolidation of these actions.  The Clerk of the Court is directed to consolidate 04-CV-943 into 04-CV-181 and to close 04-CV-943.  The undersigned will issue a Report, Recommendation and Order addressing the motions for summary judgment set forth in both actions (04-CV-181 at Dkt. #112 & 04-CV-943 at Dkt. #189 & 197), which will replace the prior Report, Recommendation and Order on defendants' motion for summary judgment in 04-CV-943.

       **SO ORDERED.**

DATED:  Buffalo, New York
             April 18, 2013

                                              <u>s/ H. Kenneth Schroeder, Jr.</u>
                                              **H. KENNETH SCHROEDER, JR.**
                                              **United States Magistrate Judge**